UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GC RIEBER SALT AS,

              Plaintiff,

- against -

ZODIAC SHIPPING LTD.,

              Defendant.
------------------------------------------------------------X



08 Civ.

ECF CASE

## VERIFIED COMPLAINT

Plaintiff, GC RIEBER SALT AS, ("Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, ZODIAC SHIPPING LTD., (hereinafter referred to as "Defendant") alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized and existing under foreign law with a place of business in Bergen, Norway. Plaintiff is the owner or duly authorized representative of the owner or subrogated underwriter of 5330 metric tons of fishery quality bulk sea salt shipped on board the M/V ARCTIC WIND, and for which Defendant issued a bill of lading for the carriage from Zarzis, Tunisia to Aalesund, Norway on or about September 9, 2007. *See Bill of Lading attached as Exhibit 1.*

3. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized and existing under foreign law with a place of business in Valetta,

Malta. Defendant was at all material times the owner, charterer or manager of M/V ARCTIC WIND ("the Vessel") and was the common carrier by water of the cargo.

4. The cargo was provided to and received by the Vessel in good order and condition as evidenced by the clean bill of lading issued by Defendant, but was delivered from the Vessel at the discharge port in damaged condition. Specifically, when the cargo was discharged it had a strong and foul smell, which the cargo developed while on board the Vessel. At the discharge port it was determined that the Vessel's hold where the cargo had been stowed had the same bad smell.

5. As a result of the fact that Norwegian Food Safety Authority refused to accept the consignment for use in the food industry, and thus the cargo was not fit for human consumption, Plaintiff was forced to find an industrial use for it. In an effort to mitigate damages, the damaged cargo was sold as road salt.

6. As best as can now be estimated, Plaintiff has suffered damages as a result of Defendant's breach of the contract of carriage in the amount of $307,194.00.

7. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

8. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and/or if applicable the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by the aforesaid

garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. Should this dispute be subject to arbitration, that the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and/or if applicable also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount of $307,194.00 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D. That this Court render Judgment against Defendant on the claims set forth herein;

E. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

F. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: May 20, 2008
      New York, NY

                    The Plaintiff,
                    GC RIEBER SALT AS,

By: *(signature)*
Charles E. Murphy (CM 2125)
LENNON, MURPHY & LENNON, LLC
The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
cem@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )   ss.:   New York City
County of New York   )

1. My name is Charles E. Murphy.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated: May 20, 2008
       New York, NY

_____
Charles E. Murphy

# EXHIBIT 1

Enclosure 1.

27-SEP-2007 13:15 FR G.C.RIEBER SALT AS        TIL 73992051        S.03

**Shipper**

COMPAGNIE GENERALE DES SALINES
DE TUNISIE ZARZIS

**BILL OF LADING**

TO BE USED WITH CHARTER-PARTIES
Reference N°.

**Consignee**

TO ORDER

**Notify address**

RIEBER SALT, Solheimsgaten 11, Sentrum, 5808 Bergen,
NORWAY

ORIGINAL

| Vessel | Port of loading |
|---|---|
| M/V ARTIC WIND | ZARZIS TUNISIE |
| Port of discharge | |
| AALESUND | NORWAY |

**Shipper's description of goods**                                              Gross weight

— Fishery quality sea salt in bulk treated with 5ppm of anticaking agent......

FIVE THOUSAND THREE HUNDRED AND THIRTY METRIC TONS ......... 5330 MT

"CLEAN ON BOARD"

"FREIGHT PAYABLE AS PER CHARTER PARTY"

(of which                                    on deck at Shipper's risk Carrier not
being responsible for loss or damage howsoever)

| | |
|---|---|
| Freight payable as per CHARTER PARTY dated | SHIPPED at the Port of Loading in apparent good order and Condition on board the Vessel for carriage to the Port of Discharge or so near thereto as she may safely get the goods specified above. Weight, measure, quality, quantity, condition, contents and value unknown. IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date any one of which accomplished the others shall be void FOR CONDITIONS OF CARRIAGE SEE OVERLEAF |
| FREIGHT ADVANCE Received on account of freight: | |
| Time used for loading ............ days ......... hours | |
| | Freight payable at: AS PER. C/P | Place and date issue ZARZIS ON THE 09th SEPTEMBER 2007 |
| Printed and sold by Fr. D. Knudtzons Bogtrykkerie A/S. Tel Fax: +553393154 By authority of the Baltic and International Maritime Council. | Number of original B/L THREE | Signature THE MASTER SUKHODOLSKIY VLADIMIR M/V ARCTIC WIND |